IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01193-BNB

ROCCO A. DIXON,

    Plaintiff,

v.

ADAM NIELSEN, Sued in [his] individual and official [capacity],
MONICA WINFREY, Sued in [her] individual and official [capacity], and
WESTMINSTER POLICE DEPARTMENT, In [its] official [capacity],

    Defendants.



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 29 2008

GREGORY C. LANGHAM
                CLERK

## ORDER TO FILE AMENDED PRISONER COMPLAINT

Plaintiff, Rocco A. Dixon, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Dixon has submitted to the Court a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants Adam Nielsen and Monica Winfrey assaulted him when they arrested him without probable cause. Mr. Dixon also asserts that the Westminster Police Department failed to properly train Defendants Nielsen and Winfrey. Plaintiff seeks compensatory and punitive damages.

The Court must construe the Complaint liberally because Mr. Dixon is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's

failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a *pro se* litigant's advocate. *See id.*

Mr. Dixon may not sue the Westminster Police Department. The police department is not a separate entity from the City of Westminster and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Mr. Dixon, therefore, will be directed to amend the Complaint and name the proper defendant who is responsible for allegedly improperly training Defendants Nielsen and Winfrey. When filing an Amended Prisoner Complaint Mr. Dixon again must provide to the Court a completed complaint form and include all requested information. Accordingly, it is

ORDERED that Mr. Dixon file **within thirty days from the date of this Order** an original and a copy of an Amended Prisoner Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Prisoner Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Dixon, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Prisoner Complaint. It is

FURTHER ORDERED that Mr. Dixon submit sufficient copies of the Amended Prisoner Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Dixon fails to file an original and sufficient copies of an Amended Prisoner Complaint that complies with this Order, to the Court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED July 29, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01193-BNB

Rocco A. Dixon
Prisoner No. 66291
Crowley County Correctional Facility
6564 State Highway 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 7/28/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk