IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01193-PAB-MEH

ROCCO A. DIXON,

    Plaintiff,

v.

ADAM NIELSEN, Sued in Individual and Official Capacity,
MONICA WINFREY, Sued in Individual and Official Capacity, and
DANIEL MONTGOMERY, Sued in Individual and Official Capacity,

    Defendants.
_____

**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE FOR AVOIDING DISMISSAL**
_____

By an Order entered June 27, 2008 (Docket #6), Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Section 1915(b)(2) requires Plaintiff to make "monthly payments of 20 percent of the preceding month's income credited to his account" until the filing fee is paid in full. In the Order granting Plaintiff leave to proceed *in forma pauperis*, Plaintiff was instructed either to make the required monthly payments or to show cause **each month** why he has no assets and no means by which to make the monthly payment. In order to show cause, Plaintiff was directed to file a certified copy of his inmate trust fund account statement. Plaintiff was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

Plaintiff has failed to make the required monthly payment or to show sufficient cause why he has no assets and no means by which to make the monthly payments for the months of August, September, and October 2008. Plaintiff made one payment of $6.00 on July 28, 2008, but has failed to submit inmate account statements for August, September, and October 2008, nor has he submitted

further payment or any other documentation demonstrating why he is unable to make the monthly payments as ordered on June 27, 2008.

It is not acceptable for Plaintiff to meet his monthly obligations only when specifically called upon by the Court through an order to pay or show cause. Such a procedure unreasonably burdens the Court. Consequently, hereafter the Court requires Plaintiff, by the **15th day** of **each** month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a **current** certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

Plaintiff is advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. *See Cosby v. Meadors,* 351 F.3d 1324, 1327 (10th Cir. 2003). If Plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, the Court will recommend that the case be dismissed for failure to comply with this Order and with the Order allowing Plaintiff to proceed *in forma pauperis* entered June 27, 2008.

Therefore, IT IS ORDERED that by **November 17, 2008**, Plaintiff shall either make the required monthly payments for August, September, and October 2008, and by the 15th of each month thereafter, or file a properly certified copy of his inmate trust fund account statement demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment. Plaintiff is instructed that the statement be certified by a prison official, and not by himself. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with this Order, the complaint and this civil action may be **dismissed without further notice**.

Dated at Denver, Colorado this 5th day of November, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge