IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01193-PAB-MEH

ROCCO A. DIXON,

    Plaintiff,

v.

ADAM NIELSEN, in Individual and Official Capacity,
MONICA WINFREY, in Individual and Official Capacity, and
DANIEL MONTGOMERY, in Individual and Official Capacity,

    Defendants.
_____

### RECOMMENDATION FOR DISMISSAL FOR
### FAILURE TO PAY AND FAILURE TO PROSECUTE
_____

**Michael E. Hegarty, United States Magistrate Judge.**

    This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to the Court's Orders to Show Cause regarding Plaintiff's failure to comply with the Order granting Plaintiff leave to proceed *in forma pauperis* and Plaintiff's failure to respond to Defendants' Motion to Dismiss. The Court recommends that, for the reasons stated herein, this case be **dismissed without prejudice**.[1]

---

    [1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.      Background**

On May 29, 2008, Plaintiff initiated this lawsuit, and upon the order of Magistrate Judge Boland, filed the operative Amended Complaint on September 5, 2008. *See* docket #11. Plaintiff brings four claims pursuant to 42 U.S.C. § 1983: (1) Defendant Nielsen violated the Fifth, Eighth, and Fourteenth Amendments when he tasered Plaintiff; (2) Defendants Winfrey and Nielsen violated the Fourth Amendment when they arrested Plaintiff; (3) Defendant Winfrey violated the Fourth Amendment by not stopping Defendant Nielsen from using excessive force against Plaintiff; and (4) Defendant Montgomery violated the Fourth, Eighth, and Fourteenth Amendments by failing to properly train Defendants Winfrey and Nielsen. *Id.* at 4-9.

In response to the Amended Complaint, Defendants Winfrey and Nielsen filed a Motion to Dismiss on October 27, 2008, presently pending before the Court.[2] *See* docket #25. Plaintiff's Response to the Motion to Dismiss was due on or before November 17, 2008. On November 25, 2008, this Court issued an Order to Show Cause for failure to prosecute included within the second Order to Show Cause for failure to pay. *See* docket #31. In the Order, this Court instructed Plaintiff to file a Response to Defendants Winfrey and Nielsen's Motion to Dismiss on or before December 5, 2008. The Court warned Plaintiff that if he failed to respond, the complaint and this civil action could be dismissed without further notice for failure to prosecute. To date, Plaintiff has not submitted a Response, in violation of this Court's direct order.

This Court issued two Orders to Show Cause for Plaintiff's failure to comply with the Order entered June 27, 2008, granting Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See* dockets #6, 30, 31. The first Order to Show Cause, issued November 5, 2008, instructed

---

[2]Service has not yet properly been executed on Defendant Montgomery. *See* docket #26. The Process Receipt and Return dated September 23, 2008, indicates Defendant Montgomery no longer works with the Westminister Police Department. *Id.*

Plaintiff to either make the required monthly payments for August, September, and October 2008, and by the 15th of each month thereafter, or file a properly certified copy of his inmate trust fund account statement demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment, on or before November 17, 2008. *See* docket #30. Plaintiff failed to respond to the Order, and failed to submit payment or an inmate trust fund account statement.

The second Order to Show Cause issued November 25, 2008, instructed Plaintiff to either make the required monthly payments for August, September, October, and November 2008, and by the 15th of each month thereafter, or file a properly certified copy of his inmate trust fund account statement demonstrating that he is not required pursuant to 28 U.S.C. § 1915(b)(2) to make a monthly payment on or before December 5, 2008. *See* docket #31. To date, Plaintiff has submitted nothing to the Court in response to either Order, nor has Plaintiff submitted payment or an inmate trust fund account statement in accordance with his *in forma pauperis* obligations. In each of the Orders issued June 27, 2008, November 5, 2008, and November 25, 2008, the Court warned Plaintiff that failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this civil action.

**II.    Discussion**

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. Plaintiff was ordered to respond to two Orders to Show Cause and to Defendants' Motion to Dismiss, but failed to do so within the required time frame. Additionally, Plaintiff has made no request for an extension of time in which to file a response. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant

litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

In *Cosby v. Meadors*, the Tenth Circuit expounded upon the obligation of an indigent prisoner under the 1996 Prison Litigation Reform Act ("PLRA") to ultimately pay the full amount of a filing fee necessary to initiate and continue litigation. 351 F.3d 1324, 1326 (10th Cir. 2003). The *Cosby* Court recognized the PLRA's fee provisions "are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees,'" within the practical limits established by the PLRA considering the prisoner's indigent status. *Id.* at 1327 (citations omitted). "The issue here is not money per se . . . [but rather] respect for the judicial process and the law." *Id.* at 1326. Failure to pay the filing fee as required by the PLRA may result in dismissal of the prisoner's action. *Id.* at 1327 (citations omitted).

The *Cosby* Court looked to the *Ehrenhaus* factors, which are relevant when evaluating grounds for dismissal of an action. 351 F.3d at 1332 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)). The *Ehrenhaus* factors include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

4

noncompliance, and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (citations omitted).

Regarding the first factor, Plaintiff's failure to submit a Response to Defendants Winfrey and Nielsen's Motion to Dismiss and subsequent failure to comply with this Court's Order instructing him to respond adversely affects Defendants' proceeding in this matter by impeding the Court's ability to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims. Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's persistent failure to follow the Court's Orders with respect to his obligation to pay the filing fee compels the Court's continual review of his file and issuance of orders, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to comply with his *in forma pauperis* obligations and to respond to the Orders to Show Cause and to Defendant Winfrey and Nielsen's Motion to Dismiss. The record of Plaintiff's failure to respond to each of the Court's Orders leads the Court to believe Plaintiff is culpable under these circumstances. Furthermore, the warnings putting Plaintiff on notice that his claims could be dismissed as a result of his failure to respond included in each of the Orders issued June 27, 2008, November 5, 2008, and November 25, 2008, satisfy the fourth factor.

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720

(10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby*, 351 F.3d at 1334 (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the November 25, 2008 Order instructing him to submit a Response to Defendants Winfrey and Nielsen's Motion to Dismiss, his failure to comply with the June 27, 2008, November 5, 2008, and November 25, 2008 Orders instructing him to satisfy his *in forma pauperis* obligations, and his failure to respond to this Court's Orders to Show Cause or to properly request an extension of time to respond if he was unable to do so in a timely fashion. For these reasons, dismissal without prejudice of this action is warranted.

### III. Conclusion

Based on the foregoing and the entire record herein, and pursuant to Fed. R. Civ. P. 41(b), I do hereby RECOMMEND that the District Court dismiss this case without prejudice for Plaintiff's failure to prosecute this action and for Plaintiff's failure to comply with his *in forma pauperis* obligations.

Dated this 12th day of December, 2008, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge